UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRNA MTANIOUS,
ALANNA KOSIOLEK,
individually and on behalf of others similarly situated,

Plaintiffs,

Case No.: 2-26-cv-11905
Hon. Robert J. White

vs.

MR. MIKE'S 2, LLC d/b/a Mr. Miguel's Mexican Grille and Cantina, a Michigan limited liability company MR. MIKE'S 3, LLC d/b/a Mr. Miguel's, a Michigan limited liability company, STEVE SAVICH, an individual, ROB SAVICH, an individual, jointly and severally,

Defendants.

Jyarland Q. Daniels (P84774)
Brian J. Farrar (P79404)
Jennifer L. Lord (P46912)
STERLING EMPLOYMENT LAW
Attorneys for Plaintiffs
33 Bloomfield Hills Parkway, Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
jdaniels@sterlingattorneys.com
bfarrar@sterlingattorneys.com
jlord@sterlingattorneys.com

James A. Acho (P62175)
A. Daniel El-Sibai (P88732)
CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC
Attorneys for Defendants
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
jacho@cmdalaw.com
delsibai@cmdalaw.com

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL**

Plaintiffs, Mirna Mtanious and Alanna Kosciolek, by their attorneys Sterling Attorneys at Law, P.C., bring this action as a collective action in

accordance with 29 USC 216(b) and 203(m)(2)(B) of the Fair Labor Standards Act (FLSA), and bring their state law claims under the Michigan Improved Workforce Opportunity Wage Act (IWOWA) under MCL 408.934 as a class action pursuant to Fed R Civ P 23. **Exhibit 1** contains the Plaintiffs' signed Consent to Join.

1. The Fair Labor Standards Act ("FLSA") under USC 201 *et seq.*, permits an employer to take a "tip credit" allowing the employer to pay a cash wage less than the federal minimum wage to "tipped employees" if the employer meets certain conditions.

2. FLSA 29 USC 203(m)(2)(A) prohibits an employer from taking a "tip credit" if the employer does not provide notice to employees of the provisions of the subsection, which include: the amount of the direct cash wage being paid to the employee, the additional amount claimed by the employer as a tip credit, that the tip credit claimed by the employer cannot exceed the amount of tips received by the tipped employee, and that all tips received by the employee are to be retained by the employee except for a valid tip pool arrangement that includes employees who customarily and regularly receive tips.

3. Under the FLSA, the employer may only require an employee to share tips with other employees who also "customarily and regularly" receive tips.

4. Mr. Miguels did not provide notice that informed employees of the provision prior to taking the tip credit as required by the FLSA.

5. Servers at the restaurants collectively known as "Mr. Miguels" were required to pool their tips with cooks – individuals who do not customarily and regularly receive tips, in violation of 29 USC 203(m).

6. Servers at the restaurants collectively known as "Mr. Miguels" were required to pool their tips with expeditors -- individuals who do not customarily and regularly receive tips, in violation of 29 USC 203(m).

7. Section 203 m(2)(B) of the FLSA also prohibits managers and/or supervisors from keeping any portion of employees tips, regardless of whether the employer took the tip credit.

8. Managers and supervisors at the restaurants collectively known as "Mr. Miguels" received tips from servers.

9. Plaintiffs, individually and on behalf of those similarly situated, and the proposed class, bring these claims against the Defendant based on the Defendant's mandatory tip-pooling arrangement that included cooks and expeditors – employees in the establishment(s) who do not customarily and regularly receive tips, a lack of notice of the provision provided to Plaintiffs, and a requirement that tips be shared with managers and/or supervisors.

10. In February 2025, Michigan revised the IWOWA (MCL 408.934). The Act provided new requirements for how tips are legally handled in

Michigan. The Act specifies, "…the entirety of the gratuities are retained by the employee who receives them. This subdivision does not prohibit an employee from voluntarily sharing the employee's gratuities with another employee if the other employee is directly or indirectly part of the chain of service and the other employee's duties are not primarily managerial or supervisory." MCL 408.934d(1)(d).

11. MCL 408.934d also requires that at or before the time of hire an employer provide the employee with written notification of the provisions of 408.934d and obtain the employee's written consent. Both conditions must be satisfied before an employer can lawfully use the reduced tip wage.

**PARTIES**

12. Plaintiff, Mirna Mtanious ("Mtanious") is an individual residing in Warren, Michigan, within the Eastern District of Michigan.

13. Plaintiff, Alanna Kosciolek ("Kosciolek"), is an individual residing in Sterling Heights, Michigan within the Eastern District of Michigan.

14. Defendants Mr. Mike's 2, LLC, Mr. Mike's 3, LLC, Steve Savich, and Rob Savich, own and/or operate restaurants doing business as Mr. Miguel's, Mr. Miguel's Grill and Cantina, and/or Mr. Miguel's Mexican Grille and Cantina, in Warren, Brownstown, Livonia, Utica, and Clinton Township, Michigan, within the Eastern District of Michigan (collectively "Mr. Miguel's").

15. The individual Defendants Steve Savich and Rob Savich exercised operational control over the Corporate Defendants, including the authority to hire and fire employees, supervise and control employee work schedules or conditions of employment, and determine the rate and method of payment, specifically including the tip-pooling policies challenged herein.

## JURISDICTION AND VENUE

16. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 USC 201, *et seq.,* and under the Michigan Improved Workforce Opportunity Wage Act ("IWOWA") pursuant to MCL 408.934d.

17. This Court has federal question jurisdiction under 28 USC 1331 and supplemental jurisdiction under 28 USC 1367(a).

18. Defendants reside within this district and the claims asserted arose within this district. Venue is proper in this court pursuant to 28 USC 1391(b).

## CLASS ALLEGATIONS

19. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as follows: all past and current servers working at Mr. Miguel's, Mr. Miguel's Grill and Cantina, and/or Mr. Miguel's Mexican Grille and Cantina, in Warren, Brownstown, Livonia, Utica, and Clinton Township, Michigan (collectively "Mr. Miguel's") who were forced to participate in a tip pool that included cooks and share tips with managers or supervisors.

20. The members of this class are so numerous that joinder is impracticable, if not impossible.

21. The members of the class can be identified easily through a review of the business records of all the restaurants collectively referred to as "Mr. Miguel's."

22. There are common questions of fact and law affecting all class members that arise because of the allegations in this complaint.

23. The plaintiffs' claims are typical of all members of the class as they were servers at one of the restaurants collectively known as "Mr. Miguel's" and were required to participate in a tip pool that included cooks, individuals who did not "customarily and regularly" receive tips and who do not fall within the definition of "tipped employee" for the purposes of FLSA, and were required to share tips with managers or supervisors.

24. Plaintiffs will fairly and adequately protect the interests of the proposed class as they are injured employees of "Mr. Miguels."

25. A class action is a superior method of resolution to the other available methods of a fair, efficient and just resolution of this controversy.

26. The expense and burden of individual litigation are impediments to class members seeking relief for the wrongful conduct alleged.

27. This action is maintainable under Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of fact and law predominate over questions affecting only individual class members.

28. The amount in controversy with respect to each individual member of the class is relatively modest when compared to the costly prosecution of separate actions.

## FACTUAL ALLEGATIONS

29. Plaintiffs and the putative class members were employed as tipped servers at various Mr. Miguel's locations during the relevant statutory period.

30. Defendants took a "tip credit" against their minimum wage obligations pursuant to 29 USC 203(m)(2)(A), paying Plaintiffs a direct cash wage below the prevailing federal and state minimum wages.

31. As a condition of the tip credit, Defendants were required to permit Plaintiffs to retain all tips received, except for those contributed to a tip pool consisting solely of employees who "customarily and regularly" receive tips.

32. Contrary to these requirements, Defendants implemented and enforced a mandatory, company-wide tip-pooling arrangement requiring Plaintiffs to contribute a percentage of their food sales for each shift (typically 1%) to a pool distributed to back-of-house employees, including cooks and expeditors.

33. Cooks and expeditors are not employees who "customarily and regularly receive tips" within the meaning of the FLSA.

34. Because the tip pool included ineligible, non-tipped employees, the tip pool was invalid, thereby stripping Defendants of their entitlement to claim a tip credit.

35. Additionally, and as a separate violation of 29 USC 203(m)(2)(B), Defendants' managers and/or supervisors participated in and retained a portion of the tips collected from the pool.

36. For purposes of Section 203(m)(2)(B), a "manager or supervisor" is any employee (1) whose primary duty is managing the enterprise or a customarily recognized department or subdivision of the enterprise; (2) who customarily and regularly directs the work of at least two or more other full-time employees or their equivalent; and (3) who has the authority to hire or fire other employees, or whose suggestions and recommendations as to the hiring or firing are given particular weight.

37. Under the FLSA, an employer is strictly prohibited from keeping any portion of employees' tips – including allowing managers or supervisors to keep any portion of those tips – regardless of whether the employer takes a tip credit.

38. As a result of the invalid tip pool and the illegal retention of tips by managers, Defendants failed to pay Plaintiffs the full minimum wage for all

hours worked in violation of the FLSA and the Michigan Improved Workforce Opportunity Wage Act (IWOWA).

39. Defendants' tip-pooling and tip-credit policies were applied uniformly to all servers across all five "Mr. Miguel's" locations.

40. Plaintiffs and the putative class members are "similarly situated" in that they were all subject to the same mandatory tip-pooling policy, worked under the same pay structure, and were denied the minimum wage because of the same unlawful practices.

41. When Plaintiff's and/or other similarly situated individuals complained about having to tip cooks, Defendants told them to "take it or leave it."

42. Defendants' violations were willful, as they knew or showed reckless disregard for whether their conduct was prohibited by the FLSA and IWOWA.

**COUNT I**

***VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)***

43. Plaintiffs incorporate the preceding paragraphs by reference.

44. Plaintiffs are "employees" within the coverage of the FLSA and 29 USC 203(d).

45. At all material times Plaintiffs were "employees engaged in commerce" as defined by 29 USC 203(s).

46. At all material times the five Mr. Miguel's locations operated as an "integrated enterprise" as defined by USC 203(r)(1). Defendant companies performed related activities through unified cooperation and common control for a common business purpose.

47. Defendants had revenues of not less than $500,000 per year during the time of Plaintiffs' employment. 29 USC 203(s).

48. During Plaintiffs' employment, Defendant claimed a "tip-credit" and paid Plaintiffs less than the statutory minimum wage under 29 USC 203(m).

49. Defendants maintained a uniform, mandatory tip-pool applicable to all tipped employees that required pooling tips with employees who do not customarily and regularly receive tips.

50. Plaintiffs and other similarly situated tipped employees were required to participate in the mandatory tip-pooling arrangement, which included cooks and expeditors who do not customarily and regularly receive tips.

51. Plaintiffs and other similarly situated tipped employees were required to share tips with managers and/or supervisors who participated in the tip-pool.

52. As a direct and proximate cause of Defendants' violation of the FLSA, Plaintiffs and other similarly situated tipped employees have sustained damages in the form of unpaid wages and tips unlawfully distributed to

employees who do not customarily and regularly receive tips and to managers/supervisors.

53. Upon information and belief, there are numerous similarly situated tipped current and former employees subjected to the mandatory tip-pooling during the relevant period.

## COUNT II

### *VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY AND WAGE ACT (IWOWA)*

54. Plaintiffs incorporate the preceding paragraphs by reference.

55. At all relevant times, Plaintiffs were "employees" within the coverage of the IWOWA.

56. Defendants are "employers" within the coverage of the IWOWA.

57. Defendants used a tip-pooling arrangement whereby the entirety of gratuities were not retained by the employee who received them, in violation of the IWOWA.

58. Defendants required employees to share tips with employees whose duties were primarily managerial or supervisory.

59. Under the Michigan Improved Workforce Opportunity Wage Act, employees are to retain all tips they receive, unless they voluntarily participate in a tip pool; mandatory tip pools are impermissible.

60. Defendants' tip pool policy was mandatory and uniform across all its locations.

61. Plaintiffs were subjected to Defendants' tip pooling policy, and their claims are typical of all members of the Class.

62. The proposed Class is defined as: Individuals employed as servers by Defendants, across all Michigan locations, during the applicable time period, who customarily and regularly receive tips and who did not voluntarily share tips and/or shared tips with managers or supervisors.

63. Upon information and belief, Defendants employed numerous employees who were subject to this policy, making joinder impracticable.

64. Class members are readily identifiable through Defendants' work and payroll records.

## COUNT III

### *RETALIATION UNDER THE FAIR LABOR STANDARDS ACT (FLSA)*

65. Plaintiffs incorporate the preceding paragraphs by reference.

66. Plaintiff Mtanious engaged in protected activity when she complained to management about the tip-pool which included cooks and management participation in the tip pool.

67. Defendants fired Plaintiff Mtanious after she engaged in protected activity.

68. Plaintiff Kosciolek engaged in protected activity when she complained to management about the tip-pool which included cooks and management participation in the tip pool.

69. Defendants fired Plaintiff Kosciolek after she engaged in protected activity.

70. Defendants' firing of Plaintiffs constitutes retaliation in violation of 29 USC 215(a)(3).

## RELIEF REQUESTED

For all the foregoing reasons, Plaintiffs demand judgment against the Defendants as follows and according to the statutes:

**A. Legal Relief:**

i. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquated damages. 29 USC 216(b).

ii. An employer liable for retaliation under the FLSA in violation of 29 USC 215(a)(3) is liable for lost wages and front pay resulting from retaliatory termination;

a. compensatory damages for emotional distress resulting from retaliatory termination; and

b. an equal additional amount (double) as liquidated damages as provided by the FLSA.

iii. An employer who violates Michigan's IWOWA is liable to the employee for:

a. the difference between the wages actually paid to affected employees and the full Michigan minimum wage during periods in which Defendants were not legally entitled to pay the reduced tipped minimum wage;

b. gratuities retained, transferred, distributed, or required to be shared contrary to Michigan law, including gratuities that were not voluntarily shared in accordance with the statutory requirements and gratuities distributed to managers and/or supervisors; and

c. an equal additional amount as liquidated damages to the extent provided by Michigan law.

**B. Equitable Relief:**

i. An injunction out of this Court prohibiting any further acts of wrongdoing;

ii. An award of interest, costs and reasonable attorney fees; and,

iii. Whatever other equitable relief appears appropriate at the time of final judgment.

## JURY DEMAND

Plaintiffs, by their attorneys, hereby demand a trial by jury for all issues in this cause.

**PROOF OF SERVICE**

I certify that on October 12, 2026, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to all counsel of record.

/s/Jyarland Q. Daniels
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
jdaniels@sterlingattorneys.com

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Jyarland Q. Daniels
Jyarland Q. Daniels (P84774)
Brian J. Farrar (P79404)
Jennifer L. Lord (P46912)
Attorneys for Plaintiffs
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500